IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Samuel L. Bush, | : | Case No. 3:06 CV 7047 |
| Plaintiff, | : | |
| v. | : | |
| City of Toledo, et al., | : | **MEMORANDUM DECISION AND ORDER** |

The parties have consented to have the undersigned Magistrate enter judgment in this civil rights case filed pursuant to 42 U.S.C. § 1983. Pending are: (1) the Joint Motion to Show Cause or to Dismiss for Want of Prosecution filed by Defendants James Telb, Lucas County and Lucas County Sheriff's Department (Docket No. 15) and (2) Defendants City of Toledo, D. Cole, B. Hollingsworth, Michael Navarre, City of Toledo and City of Toledo Police Department's Motion to Enforce Settlement (Docket No. 22) and Defendant Lucas County's Response (Docket No. 23). For the reasons that follow, the Joint Motion to Show Cause or to Dismiss is denied without prejudice and Defendant's Motion to Enforce Settlement is denied.

**FACTUAL BACKGROUND**

Plaintiff is a resident of Lucas County, Ohio (Docket No. 1, ¶ 2). Defendants D. Cole and B. Hollingsworth are employed by the Toledo Police Department, an entity that provides a governmental

function for the Defendant City of Toledo. Defendant James Telb is the Sheriff of Lucas County, Ohio (Docket No. 1, ¶ 6). Defendant Michael Navarre is the Chief of the Toledo Police Department.

On or about January 23, 2005, Plaintiff drove his snow mobile into a creek. He and his passenger sustained injuries (Docket No. 1, ¶ 9). After receiving medical treatment, Plaintiff was arrested (Docket No. 1, ¶ 11). While being booked at the Lucas County Jail, Plaintiff claims that he was subjected to excessive force (Docket No. 1, ¶13). He further claims that in addition to the physical and emotional harm sustained, he was physically harmed and his character and reputation were defamed (Docket No. 1, ¶ 11).

## **PROCEDURAL BACKGROUND**

On January 20, 2006, Plaintiff filed a complaint in Lucas County Common Pleas Court. The case was removed to this Court on February 10, 2006. On August 1, 2007, a settlement conference was conducted by the undersigned Magistrate. A telephone status conference was conducted on August 15, 2007. Subsequently, an in-person status conference was held on August 30, 2007 (Docket No. 19). Following the telephone status conference on October 25, 2007 a case management scheduling order was filed (Docket No. 21).

A proposed settlement agreement or release was forwarded to Plaintiff by counsel for the city; however, Plaintiff failed too sign and return the agreement (Docket No. 22). Defendant City of Toledo filed a Motion to Enforce Settlement (Docket No. 22). The Lucas County Defendants responded that they have no interest in the City of Toledo's Motion to Enforce Settlement (Docket No. 23).

## **ANALYSIS**

**1.     Motion to Show Cause**

On February 12, 2007, the Court ordered Plaintiff to produce all "producible materials"

responsive to the requirements of FED. R. CIV. P. 26 and responsive to Defendants' motion for production by March 1, 2007 (Docket No. 14). There is no evidence that Plaintiff (1) filed a responsive pleading to the Motion to Show Cause; (2) objected to the request for production of documents; (3) filed a notice with the Court that he complied with this order or (4) filed a notice that he is substantially justified for his failure to disclose the information required under Rule 26 before the deadline of March 1, 2007. In mid-March, Defendants Telb, Lucas County, Lucas County Sheriff's Department and City of Toledo filed a Joint Motion to Show Cause or to Dismiss for Want of Prosecution (Docket No. 15). Defendants argue that this case should be dismissed for want of prosecution since Plaintiff failed to produce any "producible documents" pursuant to the Court's Order, including a medical authorization form.

FED. R. CIV. P. 26(a)(1) provides for automatic disclosure of various items, including copies of certain documents relevant to the proceedings. *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 343 (6th Cir. 2002). Rule 26(e)(1) establishes a duty to supplement disclosures made under Rule 26(a)(1). *Id.* A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. *Id.* In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. *Id.* at 343-344. For not obeying a discovery order, the court may, while the action is pending, issue further orders that may include the following: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6)

rendering a default judgment against the disobedient party; or (6) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. FED. R. CIV. P. 37 (Thomson/West 2008).

Dismissal under FED. R. CIV. P. 41(b) is a harsh sanction which the court should order only in extreme situations in which a clear record of delay or contumacious conduct by the plaintiff can be shown. *Jones v. Schindler Elevator Corporation,* 2007 WL 4556673, 5 (N. D. Ohio 2007) (*citing Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)). Absent such a showing of delay or contumacious conduct by the plaintiff, the district court is limited to lesser sanctions designed to achieve compliance with its order. *Id.* (*citing Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted)).

An entry of default judgment is an equally harsh sanction. *Bank One of Cleveland v. Abbe*, 916 F. 2d 1067, 1973 (6th Cir. 1990). An order of default judgment should be entered if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Id.* (*quoting Patton v. Aerojet Ordinance Company,* 765 F.2d 604, 607 (6th Cir. 1985). Additional factors that the court should consider in reviewing a district court's sanction decision under FED. R. CIV. P. 37 include whether the adversary was prejudiced by the defaulting party's failure to cooperate in discovery, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were imposed or considered before default was ordered. *Id.* (*citing Regional Refuse Systems v. Inland Reclamation*, 842 F. 2d 150, 155 (6th Cir. 1988)).

Plaintiff has not been warned by the Court that the failure to cooperate could result in dismissal or default judgment. Thus, the Magistrate will not order such drastic sanctions as dismissal or default judgment. Plaintiff has, however, been dilatory in prosecuting this case. Such failure to respond has prejudiced Defendants in their attempts to prepare an adequate defense. Accordingly, unless Plaintiff

provides the requested documentation within ten days of this order, Plaintiff will be prohibited from opposing the defenses presented by Defendants Telb, Lucas County, Lucas County Sheriff's Department and City of Toledo. Upon failure to comply with the Court's order, Plaintiff will be further prohibited from introducing into evidence all "producible materials" including his medical records or any matter that he was required to disclose under FED. R. CIV. P. 26. Additionally, Plaintiff's continued failure to cooperate with discovery may result in dismissal of his case.

**2.      Motion to Enforce Agreement**

Defendants City of Toledo, Cole, Hollingsworth, Navarre, and Toledo Police Department contend that the essential elements of the settlement agreement are undisputed and that there is no element of the settlement agreement that is left to interpretation. The City Defendants argue, therefore, that the Court should hold as a matter of law that the settlement agreement was reached between these parties and that such claims against these Defendants should be dismissed with prejudice. They contend that Plaintiff should be ordered to execute the settlement agreement and release forthwith.

The Sixth Circuit Court of Appeals has long recognized the existence of a broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it. *Therma-Scan, Incorporated v. Thermoscan, Incorporated*, 217 F.3d 414, 419 (6th Cir. 2000) (*citing Bostick Foundry Company v. Lindberg,* 797 F.2d 280, 282-283 (6th Cir. 1986) *cert. denied sub nom. Dakmak v. Lindberg*, 107 S. Ct. 953 (1987)). Even if the agreement has not been reduced to writing a federal court still possesses this power. *Id.* (*citing Brock v. Scheuner Corporation,* 841 F.2d 151, 154 (6th Cir. 1988) (*quoting Bowater North American Corporation v. Murray Machines, Incorporated,* 773 F.2d 71, 77 (6th Cir. 1985)). The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance

5

of costly and time-consuming litigation. *Id.* (*citing Kukla v. National Distillers Products Company,* 483 F.2d 619 (6th Cir. 1973)). While summary enforcement of a settlement agreement may very well promote the above policy, in cases where there exists no substantial dispute as to the entry into, or the terms of, the agreement, summary proceedings may result in inequities. *Id.* (*citing Kukla*, at 621) (citations omitted). So before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. *Id.* (*citing Brock,* 841 F.2d at 154).

Indefiniteness as to any essential term of the agreement may prevent the creation of an enforceable contract. *National Coal Corporation v. National Union Fire Insurance Company of Pittsburgh, P.A.* 2007 WL 2385388, *3 (E. D. Tenn. 2007) (*citing Hansen v. Snell,* 11 Utah 2d 64 (1960)). Thus contracts must be definite enough to enable a court to ascertain just what is required of the respective parties in the performance thereof. *Id.* Courts will not uphold agreements which are indefinite and uncertain as to the obligations imposed upon the parties thereto. *Id.* (*citing Richards v. Oliver,* 162 Cal. App.2d 548 (1958) (*quoting Mag Construction Company v. McLean County* 181 N. W. 2d 718, 721 (N.D.1970)). Moreover, one of the elements essential to the formation of a contract is a manifestation of agreement or mutual assent by the parties to the terms, and the failure of the parties to agree upon or even discuss an essential element of a contract may indicate that the mutual assent requirement to make or modify a contract is lacking. *Id.* (*citing Allen v. Amber Manor Apartments Partnership,* 95 Ill. App.3d 541, 549 (1981)).

Upon review of the pleadings, affidavit and proposed settlement and release of all claims document, the Magistrate finds that the terms of the settlement agreement are definitive. The Magistrate cannot find, however, that Plaintiff accepted the offer of terms that would settle and compromise all of his claims against Defendants City of Toledo, City of Toledo Police Department, Cole and

Hollingsworth. Mark Schmollinger acknowledged that Plaintiff's counsel agreed to settle this lawsuit for consideration totaling $8750 (Docket No. 22, Affidavit of Mark S. Schmollinger, ¶ 3). Missing is a manifestation of Plaintiff's mutual assent to the terms of the agreement to settle the lawsuit. Plaintiff has had substantial time to ostensibly dispute that the elements essential to the formation of a contract exist; however, his failure to execute the agreement and/or release is further indicative that he does not assent to a legal relationship with Defendants City of Toledo, City of Toledo Police Department, Cole and Hollingsworth. Based on this evidence, the Magistrate is not persuaded to grant the Motion to Enforce Settlement.

## CONCLUSION

For the reasons discussed in this Memorandum, the Magistrate denies without prejudice Defendants' Joint Motion to Show Cause or Dismiss for Want of Prosecution and Defendants' Motion to Enforce Settlement. Dispositive motions are due April 3, 2008, opposition is due by April 24, 2008, and any reply is due by May 8, 2008.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: March 14, 2008